OPINION OF THE COURT
Burton S. Sherman, J.
The defendant moves to dismiss the complaint on a defense founded upon documentary evidence and the plaintiff cross-moves for summary judgment in an action seeking damages on an alleged default and acceleration on a promissory note. The only issue is whether the mailing of notice of failure of payment to an address other than the one provided in the promissory note activated the event of default and therefore permitted acceleration.
*936 The note executed on December 17, 1985 in the principal sum of $100,000 required payment of annual interest for five years beginning October 31, 1986, and on the last day of every year thereafter. Beginning on October 31, 1990 the defendant was to pay in addition to interest, the sum of $20,000 a year to be applied to principal for five years. The defendant was a late payer. However, while always delinquent, once as much as eight months, it did make the interest payments during the initial five-year period. In any event when the first principal payment was not received on the due date of October 31, 1990 the plaintiff addressed and mailed a notice of default on November 1, 1990 to the defendant’s main office "Industrial Ceramics, Derry Plant, Porcelain Park, Derry Pennsylvania 15627-1799.” Obviously, feeling in financial peril the defendant issued a check on November 13, 1990 for $20,000 with prepaid interest through December 31, 1990. The check was mailed to plaintiff’s brother who appears to manage her business affairs. It is also not disputed that the check sent 13 days after the 10-day notice of default was not timely. The check is still retained by plaintiff.
The note in issue is the standard form of promissory note providing for notice of default, 10 days to cure, and the right to accelerate thereafter. As is also standard the address of the borrower to be notified is given with a copy to be sent to the borrower’s attorney. And finally, there is the usual provision for notice of change of address. The address on the note is unequivocally proclaimed as "Industrial Ceramics Inc., 7574 East Main Road, Lima, NY 14485-0846.”
The plaintiff states without contradiction that all the mail she received over a five-year period was from defendant’s main office in Derry, Pennsylvania. All checks she received were drawn on defendant’s bank in Pennsylvania. All telephone communications were held with defendant at its Pennsylvania office and that defendant’s counsel advised the plaintiff to call the defendant in Pennsylvania. Finally, plaintiff’s brother, several weeks before the payment date, advised defendant’s chief executive officer in Derry, Pennsylvania that payment would be expected on the due date. Because of the foregoing, the plaintiff states, that notice was mailed to the Derry, Pennsylvania address, rather than the Lima, New York address provided in the note, although there had never been any notification of an address change.
In the law of negotiable instruments or bills and notes there *937 are certain conditions such as agreed upon notice provisions which require strict compliance before courts will act. This is particularly true where notice is determined by agreement rather than created by statute such as Uniform Commercial Code § 3-508. For the notice requirement is not merely some vestigial ceremonial remain, which evolved from medieval England to add luster to our legal system. It has a vital purpose. The acceleration clause of a promissory note is not unlike the sword of Damocles hanging over a borrower’s head as a constant threat to at least financial imposition if not economic ruin. The declaration of a default which prompts acceleration is therefore a drastic act. Thus, before the sword falls, it is the purpose of the default notice to give the borrower one final chance to avoid default and the harsh effect of acceleration. It is an act of charity and fairness agreed upon by the parties. It therefore must be strictly construed for "[stability of contract obligations must not be undermined by judicial sympathy” (Graf v Hope Bldg. Corp., 254 NY 1, 4 [emphasis added]) — not only for stability of contract, but other reasons as well. Failure to strictly construe not only leads to protracted hearings on subjective issues of intent and substantial compliance, but also leads to the very problem illustrated in this case. For if the court were to find that the giving of notice substantially complied with the terms of the note or that there was some sort of acquiescence or waiver, then the court would also be obliged to find that three days’ late payment also substantially complied with its terms. Such a Kafkaesque result is precisely what the law seeks to avoid, and which the parties presumably sought to avoid by agreement. As Mr. Justice Richard W. Wallach stated in a case involving an acceleration clause resulting from a three-day delay in payment because of faulty mail service, "This case presents an appeal to equity, in order to avoid the strict rigors of the law. Such an invitation is always attractive. But, as has oft been seen, there is little room for the Chancellor’s foot to rotate in the law of bills and notes.” (Stream v CBK Agronomics, 79 Misc 2d 607, 608, mod on other grounds 48 AD2d 637.)
In this case the court again in equity finds that it has little room to act. The notice of default was not given as required by the note. The case of Banditree, Inc. v Calpo, Inc. (146 AD2d 74), relied on by the plaintiff, is distinguishable on the facts. Nor has the court found any section of the Uniform Commercial Code which proscribes the result herein. Again, because *938 the notice was not properly given there can be no acceleration.
Accordingly, the defendant’s motion to dismiss is granted and the cross motion for summary judgment is denied as moot.